

ALESSANDRA GLORIOSO (DE NO. 5757)
(302) 425-7166
GLORIOSO.ALESSANDRA@DORSEY.COM

Honorable Leonard P. Stark
844 N. King Street
Unit 26, Room 6124
Wilmington, DE 19801-3555

Re: *Davis et al. v. D.R. Horton, Inc.*, Civil Action No. 1:19-cv-01686-LPS – D.R. Horton, Inc.'s Motion to Strike Plaintiffs' Class Action Allegations

Dear Judge Stark:

Defendant D.R. Horton, Inc., moves, pursuant to Fed. R. Civ. P. 12(f) and 23(d)(1)(D), to strike the class allegations and citation to *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018) set forth in Plaintiff Lauren Davis' ("Plaintiff") Complaint.[1][2]

### A. Plaintiff's Class Allegations Plead an Impermissible "Fail Safe Class"

The putative class is impermissibly fail-safe: it is defined to include all "persons to whom D.R. Horton delivered or caused to be delivered, an advertisement or telemarketing text message . . . by using an automatic telephone dialing system . . . ." Compl., ¶ 29. As one court observed:

> A fail-safe class is one that defines its members by the plaintiff's liability -- all individuals wronged by the defendant, in the classic formulation. The class definition requires a determination on the merits before members are identified, creating what the Supreme Court called 'one-way intervention' . . . . That is to say, either the class members win or, if the defense prevails, no class exists, and the putative class members, unbound by any judgment, are free to pursue individual claims. Class actions are generally binding on absent class members, but such a class impermissibly skirts the bar of res judicata.

*Zarichny v. Complete Payment Recovery Servs.*, 80 F. Supp. 3d 610, 624 (E.D. Pa. 2015) (citation omitted); *see also, e.g.*, *Martinez v. TD Bank USA, N.A.*, No. 15-cv-7712, 2017 U.S. Dist. LEXIS 101979, at *33-34 (D.N.J. 2017) ("By defining the class as individuals called without their prior express consent, Plaintiff seeks to create a class consisting only of individuals to whom defendants are necessarily liable under the TCPA. This is a 'heads, I win, tails you lose' proposition: 'either the class members win or, if the defense prevails, no class exists, and the putative class members, unbound by the judgment, are free to pursue individual claims' . . ."); *Bridge v. Credit One Fin.*, 294 F. Supp. 3d 1019, 1035 (D. Nev. 2018) ("Bridge has, in large part, defined the proposed class according to the language and elements of a TCPA claim . . . . 'The fail-safe appellation is simply a way of labeling the obvious problems that exist when the class itself is defined in a way that precludes membership unless the liability of the defendant is established.'") (citation omitted).

---

[1] This motion to strike is in letter format and limited to three pages pursuant to the Court's procedures. The Complaint is attached hereto as **Exhibit A**.

[2] The undersigned counsel represents that a reasonable effort has been made to reach agreement with Plaintiff's counsel on the matters set forth in the motion, including by oral communication involving Delaware counsel for each party on November 1, 2019.

Plaintiff's definition here necessarily presumes Defendant's liability – that it used an "automatic telephone dialing system" and that the texts it sent constituted "advertising" or "telemarketing." Use of an automatic telephone dialing system ("ATDS") is an element of Plaintiff's Telephone Consumer Protection Act ("TCPA") claim. *See* 47 U.S.C. § 227(a)(1), (b)(1)(A)(iii). Whether the text message constitutes "advertising" or "telemarketing" is also a necessary element of Plaintiff's TCPA claim because she contends "prior express *written* consent" as opposed to "prior express consent" was required to send the text messages at issue. *See* Compl., ¶¶ 60, 62; 47 C.F.R. § 64.1200(a)(2) (a call made using an ATDS only requires prior express *written* consent if the call "includes or introduces an advertisement or constitutes telemarketing"); 47 C.F.R. § 64.1200(f)(1) (defining "advertisement"); 47 C.F.R. § 64.1200(f)(12) (defining "telemarketing"). As such, the definition is impermissibly fail-safe and must be stricken.

### B. Plaintiff's Class is not Defined with Reference to Objective Criteria

A plaintiff seeking to represent a proposed class must establish that the proposed class is defined "with reference to objective criteria" and there "must be a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition." *Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349, 355 (3d Cir. 2013).

Fail-safe class definitions are inherently not based upon identifiable objective criteria, but rather upon the merits of each class member's claims. And because the merits of the claim are resolved by the fact finder—*not* at the time of class certification—a definition using elements of the underlying claim is never defined based on objective criteria and can never be certified.

This is especially true where the class is defined using disputed terms of art. An "automatic telephone dialing system" is such a term. *See, e.g., Pine v. A Place for Mom, Inc.*, No. 17-cv-1826, 2017 U.S. Dist. LEXIS 164560, at *2-5 (W.D. Wash. Sep. 25, 2019) (holding that a class defined by use of an "automatic telephone dialing system . . . lacks the clarity required to determine who is in the class" and "declin[ing] to define a class using a disputed term of art"). "Advertisement" and "telemarketing" are others. *See* 47 C.F.R. § 64.1200(f)(1) (defining "advertisement"); 47 C.F.R. § 64.1200(f)(12) (defining "telemarketing"). Indeed, whether a message qualifies as an "advertisement" or "telemarketing" is often the subject of fierce debate, probing analysis, and conflicting (i.e., "subjective") opinions.[3]

### C. Plaintiff Cannot Maintain a Rule 23(b)(2) Injunctive Relief Class

Plaintiff appears to seek a Rule 23(b)(2) injunctive relief class. *See* Compl., p. 11 (requesting an injunction for "the class"). That too must be stricken because each class member

---

[3] *See, e.g., In re Rules & Regs. Implementing the Tel. Consum. Prot. Act of 1991*, 21 FCC Rcd. 3787, 3812 ¶ 49 (F.C.C., Apr. 6, 2006) (messages "whose purpose is to facilitate, complete, or confirm a commercial transaction that the recipient has previously agreed to enter into with the sender are not advertisements[.]"); *San Pedro-Salcedo v. Haagen-Dazs Shoppe Co.*, No. 5:17-cv-03504-EJD, 2017 U.S. Dist. LEXIS 168532, at *2-3 (N.D. Cal. 2017) ("Thank you for joining Häagen-Dazs Rewards! Download our app here:" might constitute telemarketing); *An Phan v. Agoda Co. Pte. Ltd.*, 351 F. Supp. 3d 1257, 1265 (N.D. Cal. 2018) ("Good news! Your Agoda booking [number] is confirmed. Manage your booking with our free app http://app-agoda.com/GetTheApp" not telemarketing); Vallianos v. Schultz, No. C19-0464-JCC, 2019 U.S. Dist. LEXIS 174729 (W.D. Wash. Oct. 8, 2019) ("Howard Schultz will be speaking in Miami at 12:30! Watch live: https://hs.media.mi-a030" held not telemarketing after the Court examined the website and listened to the entirety of the referenced speech).

4846-7360-9900\1

would be entitled to an individualized award of monetary damages. *See Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 360-61 (2011); *Connelly v. Hilton Grand Vacations Co., LLC*, 294 F.R.D. 574, 579 (S.D. Cal. 2013) (plaintiffs seeking damages under the TCPA for each call were ineligible for Rule 23(b)(2) certification, "regardless of Plaintiffs' parallel request for injunctive relief."); *Progressive Health & Rehab Corp. v. Quinn Med.*, No. 2:17-cv-00058, 2017 U.S. Dist. LEXIS 200641, at *11-13 (S.D. Ohio Dec. 4, 2017) (granting motion to strike Rule 23(b)(2) TCPA class).

### D. Striking the Class Allegations at the Pleading Stage is Appropriate

Courts have not hesitated to strike such defective allegations at the pleading stage, where it is clear – as here - that the proposed class definition is fundamentally flawed. *See, e.g.*, *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210–11 (9th Cir. 1975) (recognizing that class allegations may be stricken at the pleading stage when the court can glean fundamental flaws in plaintiff's class definition without the need for further discovery); *Luppe v. Cheswick Generating Station*, No. 12-cv-929, 2015 U.S. Dist. LEXIS 9791, at *12 (W.D. Pa. Jan. 28, 2015) (striking fail-safe definition where the definition "'front-loads' the instant proceedings, requiring that the Court reach the merits of the case at the class certification stage, contrary to law and policy"); *Dixon v. Monterey Fin. Servs.*, 2016 U.S. Dist. LEXIS 82601, at *11-14 (N.D. Cal. June 26, 2016) (striking TCPA class that referred to calls made to "a person [that] had not previously consented…"); *Sauter v. CVS Pharm., Inc.*, No. 13-cv-846, 2014 U.S. Dist. LEXIS 63122, at *22 (S.D. Ohio May 7, 2014) (striking allegations where they were restricted to "only those individuals who did not expressly consent to the receipt of the defendant's phone calls made with the use of an ATDS" and thus consisted "solely of persons who can establish that defendant violated the TCPA").[4]

### E. Plaintiffs' Citation to *Marks* is Immaterial, Impertinent, and Confuses Issues

Plaintiff cites to the Ninth Circuit's ruling in *Marks* as to what constitutes an ATDS. *See* Compl., ¶ 22. *Marks* conflicts with controlling authority in the Third Circuit on this issue. *See Dominguez v. Yahoo, Inc.*, 894 F.3d 116 (2018) (holding that random or sequential number generation is required under the plain language of the statute); *see also* D.R. Horton's Motion to Dismiss, [D.I.9, pp.7-8]. Thus, the allegation should be stricken as immaterial and impertinent.[5]

Respectfully submitted,

/s/ Alessandra Glorioso

Alessandra Glorioso (DE Bar No. 5757)

cc: Blake Bennett, Esq.
Aaron D. Radbill, Esq.

---

[4] *See also, e.g.*, *Olney v. Job.Com, Inc.*, No. 12-cv-01724, 2013 U.S. Dist. LEXIS 141339, at *33-34 (E.D. Cal. 2013) (class defined as "anyone who received [a call from defendant to her cellular phone made through the use of an ATDS] without prior express consent" was fail-safe because the class would consist of "only those potential members who would prevail"); *Lindsay Transmission, LLC v. Office Depot, Inc.*, No. 12-cv-221, 2013 U.S. Dist. LEXIS 9554, at *11-13 (E.D. Mo. 2013) (granting motion to strike fail-safe TCPA class allegations); *G.M. Sign, Inc. v. Franklin Bank, S.S.B.*, 2007 U.S. Dist. LEXIS 91512, at *3 (N.D. Ill. 2007) (striking class definition in a TCPA case).

[5] It is also misleading. *See, e.g., Home Casual Enter. v. Home Casual LLC*, No. 11-cv-661, 2013 WL 4821311, 2013 U.S. Dist. LEXIS 128610, at *24 (W.D. Wash. 2013) (holding a party's citations were "not only misleading in the sense that they misidentify the controlling law; they also paint an incorrect picture of the appropriate [standard]… as articulated by the Supreme Court and by this circuit's precedents.").