IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LAUREN DAVIS, | : |
| Plaintiff, | : |
| v. | : C.A. No. 19-1686-LPS-JLH |
| D.R. HORTON INC., | : |
| Defendant. | : |

**MEMORANDUM ORDER**

WHEREAS, Magistrate Judge Hall issued a Report and Recommendation (D.I. 25) on March 16, 2020, recommending, among other things, that the Court deny Defendant D.R. Horton Inc.'s ("Horton" or "Defendant") motion to dismiss for failure to state a claim (D.I. 8) as well as Defendant's motion to strike portions of Plaintiff Lauren Davis's ("Davis" or "Plaintiff") complaint (D.I. 11);

WHEREAS, on March 30, 2020, Horton filed objections (D.I. 26), specifically objecting that: (1) Davis did not plausibly allege that Horton's messaging system ("CallFire") is an Automatic Telephone Dialing System ("ATDS") under the Telephone Consumer Protection Act ("the TCPA"); (2) Davis's class definition is impermissibly fail-safe and non-objective; and (3) Davis's request for class-wide injunctive relief is improper because each class member would be entitled to an individualized award of monetary damages;

WHEREAS, Horton did not object to Judge Hall's recommendation to deny Horton's motion to strike from Davis's Complaint citations to *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041 (9th Cir. 2018);

WHEREAS, on April 13, 2020, Davis filed a response to the objections (D.I. 27);

1

WHEREAS, the Court has reviewed de novo the portions of Judge Hall's Report relating to the dispositive issues of dismissal, adequacy of the pleadings, and maintenance of a class action, *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011);

NOW, THEREFORE, IT IS HEREBY ORDERED that Horton's objections (D.I. 26) are OVERRULED, Judge Hall's Report (D.I. 25) is ADOPTED, Horton's motion to dismiss for failure to state a claim (D.I. 8) is DENIED, and Horton's motion to strike portions of Davis's complaint (D.I. 11) is DENIED.

1. Horton first argues that Davis failed to allege that CallFire is an ATDS because she did not allege that Horton's CallFire system used a random or sequential number generator. (D.I. 26 at 4) However, as even Horton acknowledges, Davis alleged that CallFire "has the capacity . . . to produce numbers to be called, using a random or sequential number generator." (D.I. 26 at 4; *see also* D.I. 1 at ¶ 22) Horton suggests this allegation is insufficient based on a Ninth Circuit case[1] purportedly at odds with binding Third Circuit precedent, *Dominguez v. Yahoo, Inc.*, 894 F.3d 116, 121 (3d Cir. 2018),[2] requiring that "equipment must have the capacity to generate random or sequential numbers to qualify as an ATDS" (D.I. 26 at 5), but Horton's allegation recites that CallFire had this capacity (D.I. 1 at ¶ 22). Moreover, Davis supported this allegation by further alleging (1) the "standardized, impersonal, and consistent in structure and format" character of CallFire's text messages and (2) CallFire's public statements that its users could "send thousands of messages instantly." (D.I. 1 at ¶ 22) Thus, Davis has plausibly alleged that CallFire is an ATDS. (*See* D.I. 25 at 3) ("[C]ourts also recognize that at this stage of the

---

[1] *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041 (9th Cir. 2018).

[2] *See also* D.I. 28 (citing supplemental authority further supporting Plaintiff).

2

proceedings plaintiffs are unlikely to have knowledge of the inner workings of the system defendants use to make calls or send text messages. On a motion to dismiss, before beginning discovery, a plaintiff will rarely, if ever, know the specific functionality of a system used by a defendant.")

2. Horton next points to certain factual disputes to argue that Davis failed to plausibly allege that CallFire used a random or sequential number generator (*see, e.g.*, D.I. 26 at 5 ("The only reasonable inference from these allegations is that D.R. Horton sent text messages to a targeted – [i.e.,] pre-determined – list of numbers, not by scattershot texting of randomly generated numbers."); *see also id.* at 4-8), but at this stage the Court must accept all of the factual allegations in Davis's complaint as true and does not resolve factual disputes, *see Flora v. Cty. of Luzerne*, 776 F.3d 169, 175 (3d Cir. 2015). Applying this standard, the Complaint has adequately stated a plausible claim.

3. Horton seeks to strike portions of Davis's complaint related to the class allegations on the ground that the class definition is impermissibly fail-safe and non-objective (D.I. 26 at 8-10), but the Court agrees with Judge Hall that striking the class allegations at this early stage of the litigation would be premature (D.I. 25 at 6-7). At this point in this case, the Court lacks "the information necessary to conduct the 'rigorous analysis' inherent in the class certification decision." *P.V. ex rel. Valentine v. Sch. Dist. of Phila.*, 2011 WL 5127850, at *4 (E.D. Pa. Oct. 31, 2011); *see also Donaca v. Metropolitan Life Ins. Co.*, 2014 WL 12597152, at *3 (C.D. Cal. Jan. 22, 2014) (listing numerous decisions denying motions to strike class allegations in TCPA cases). Moreover, discovery of Horton's business records may reveal the identity of the recipients of Horton's text messages, potentially eliminating any class definition and ascertainability concerns. *See Byrd v. Aaron's Inc.*, 784 F.3d 154, 163 (3d Cir. 2015)

3

(noting that for ascertainability requirement, "plaintiff need only show that class members *can* be identified") (internal quotation marks omitted).

4. Lastly, Horton argues that Davis's request for class-wide injunctive relief is improper under Fed. R. Civ. P. 23(b)(2) because each class member would be entitled to an individualized award of monetary damages. (D.I. 26 at 10) However, as Judge Hall recognized (D.I. 25 at 7) and Davis clearly stated (D.I. 15 at 5), Davis seeks certification under Rule 23(b)(3), not Rule 23(b)(2). Moreover, even if Davis ultimately seeks injunctive and monetary relief, this Court could consider certifying the classes under Rules 23(b)(2) and 23(b)(3) concurrently. *See Wilson v. Cty. of Gloucester*, 256 F.R.D. 479, 491 (D.N.J. 2009) ("[C]ertifying the equitable portion of this suit under (b)(2), and the damages portion under (b)(3), allows for the best of both worlds.").

October 13, 2020
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE